UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| ANGELA KIDD,<br><br>    Plaintiff,<br><br>V.<br><br>ITRON, INC.,<br><br>    Defendant. | Civil No. 3:16-cv-00063-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's complaint alleging gender discrimination and intentional infliction of emotional distress. [R. 8.] Construing all facts in Plaintiff's favor, this Court finds that she has alleged sufficient facts to state a claim upon which relief might be granted. Consequently, Defendant's Motion to Dismiss is **DENIED**.

**I**

**A**

Plaintiff Angela Kidd alleges she was unlawfully terminated by Itron, Inc. on or about April 30, 2015. [R. 1-2 at 4.] Itron is a corporation with its "nerve center" in Liberty Lake, Washington, and is a citizen of that state. [R. 1 at 2.] On August 22, 2016, Defendants removed this action to Federal Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendants then filed a Motion to Dismiss, which is ripe for this Court's review. [R. 8.]

In her complaint, Kidd states that she worked at Itron, Inc. for fourteen (14) years and was never the subject of disciplinary action. She made "several complaints to management about a male employee behaving inappropriately" and was terminated. [R. 1-2 at 6.] She reports

that the male employee was not disciplined. [R. 1-2 at 6.] Kidd stated that she was terminated to protect her from being sexually harassed. [R. 1-2 at 5.] She also alleges that, "Defendant blatantly terminated Plaintiff because of reprisals over sexual harassment complaints" and "[b]ecause of myth, fear or stereotype, Defendant regarded Plaintiff as unable to do the job she was working at." [R. 1-2 at 6.] Finally, Kidd alleges that, "Defendant's actions against Plaintiff were intentional or reckless, extreme and outrageous, and caused Plaintiff severe emotional distress." [R. 1-2 at 6.]

### B

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek dismissal of a complaint which fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In making such a motion, "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). Federal Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a motion to dismiss, the complaint "must contain either direct or inferential allegations" establishing each material element required for recovery under some actionable legal theory. *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (internal citation and quotation marks omitted). "[A] formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

When reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *DirecTV, Inc.*, 487 F.3d at 476 (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences."

*Id.* (citation omitted). Moreover, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). In other words, the facts that are pled must rise to the level of plausibility, not just possibility – "facts that are merely consistent with a defendant's liability . . . stop[ ] short of the line between possibility and plausibility." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). According to the Sixth Circuit, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *DirecTV, Inc.*, 487 F.3d at 476 (citing *Twombly*, 550 U.S. at 556). Thus, the plaintiff must at least "provide the grounds of his entitlement to relief, [which] requires more than labels and conclusions. . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotation marks omitted).

## II

Plaintiff first alleges gender discrimination pursuant to KRS § 344.040. Kentucky Courts have followed the Supreme Court in analyzing gender discrimination claims. The Plaintiff must prove; "(1) she was a member of a protected group; (2) she was subjected to an adverse employment action; (3) she was qualified for the position; and (4) similarly situated males were treated more favorably." *The Bd. of Regents of N. Kentucky Univ. v. Weickgenannt*, 485 S.W.3d 299, 306 (Ky. 2016). The Sixth Circuit has clarified that, at the Motion to Dismiss stage, establishing a prima facie case under these elements is not required, but, the complaint must allege sufficient facts from which a court could draw a reasonable inference that "[Defendant] discriminated against [Plaintiff] with respect to [her] compensation, terms, conditions, or privileges of employment, *because of* [her]" gender. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012).

Construing all the facts in the favor of the Plaintiff and drawing all inferences in her favor, Plaintiff has alleged sufficient facts to survive the motion to dismiss. Plaintiff has stated that she is a woman and that she was terminated after fourteen years of service with the company. [R. 1-2 at 6.] Even though no establishment of a prima facie case is necessary, we can draw inferences in her favor from these statements, that she was a member of a protected group, she was terminated and, thus, subjected to an adverse employment action, and that she was qualified for the position because she had been employed for fourteen years. She stated that the male employee that she alleges sexually harassed her was not reprimanded and did not lose his job. [R. 1-2 at 6.] Accordingly, her gender discrimination claim survives the motion to dismiss hurdle.

**B**

Plaintiff's second claim alleges intentional infliction of emotional distress. Under Kentucky law, to prove IIED, "[t]he wrongdoer's conduct must be intentional or reckless; the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; there must be a causal connection between the wrongdoer's conduct and the emotional distress and the distress suffered must be severe." *Miracle v. Bell Cty. Emergency Med. Servs.*, 237 S.W.3d 555, 559 (Ky. Ct. App. 2007). Further, "[t]he mere termination of employment and the resulting embarrassment do not rise to the level of outrageous conduct and resulting severe emotional distress necessary to support a claim for IIED." *Id.*

Plaintiff's claim for IIED only states that she "suffered extreme emotional distress when Defendant intentionally and maliciously engaged in extreme and outrageous conduct." [R. 1-2 at 6.] Though this is only a bare assertion of the elements of IIED, given the factual allegations

discussed, this Court can infer from Plaintiff's complaint that she has suffered extreme emotional distress as a result of being terminated from her job of fourteen years after making a report of sexual harassment. Construing all facts in her favor, this Court finds that Plaintiff's complaint of IIED survives dismissal.

## III

Accordingly, having considered the record, applicable law and the arguments of the parties, the Court hereby **ORDERS** the Defendants' motion to dismiss [R. 8] is **DENIED**. An Order for Meeting and Report will be entered promptly.

This the 19th day of September, 2017.

Gregory F. Van Tatenhove
United States District Judge