UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 3:16-CV-63-GFVT-EBA

ANGELA KIDD,                                                                                     PLAINTIFF,

V.                          **MAGISTRATE JUDGE'S REPORT
                                AND RECOMMENDATION**

ITRON, INC.,                                                                                      DEFENDANT.

**INTRODUCTION**

This matter was referred by the Honorable Gregory F. Van Tatenhove for purposes of establishing deadlines and determining other non-dispositive matters. [R. 18]. On April 3, 2018, the undersigned was informed of an ongoing discovery dispute related to counsel for plaintiff's, Richard Kenniston's, refusal to engage with counsel for defendant. For that reason, a telephone conference was scheduled for April 6, 2018, to discuss the matter. [R. 21]. Counsel for plaintiff failed to appear, and the Court ordered him to show cause for his failure on or before April 16, 2018. [R. 22]. He did not. As a result, the undersigned scheduled another telephone conference for April 30, 2018, at which both counsel for the parties and the plaintiff, Angela Kidd, were ordered to appear. [R. 23]. Although the plaintiff and counsel for defendant appeared, Richard Kenniston, counsel for plaintiff, again failed to appear. [R. 24].

At the April 30, 2018, telephone conference, the plaintiff was personally informed that her attorney, Richard Kenniston, had repeatedly failed to appear for telephone conferences, and that her case risked dismissal if she failed to proceed as a *pro se* plaintiff, or engage an attorney on her behalf, and litigate her case.[1] [*Id.*]. The plaintiff was advised to contact her attorney to inquire

---

[1] Plaintiff's attorney has since been permanently disbarred from bankruptcy practice in the Bankruptcy Court for the Eastern District of Kentucky. *In re Shannon Kaye Denny, et al.*, No. 15-15918 (Bankr. E.D. Ky. May 22, 2018).

about whether he was seeking re-admittance, or whether she should retain new counsel. [*Id.*]. Finally, the plaintiff was Ordered to file a notice in the Record of the above-styled case within fourteen days confirming her contact with her current attorney or whether, in the alternative, she was obtaining new counsel. [*Id.*]. She did not.

## ANALYSIS

Under Fed. R. Civ. P. 37(b)(2)(A), when a party has refused to obey a court order, or has otherwise filed to provide or permit discovery, the Court where the action is pending may issue further just orders, including:

(1) Directing that the matters embraced in the order or other designated facts be taken as established for purposes of the pending action;
(2) Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;
(3) Striking pleadings to any extent;
(4) Staying proceedings until the relevant order(s) are complied with;
(5) Dismissing the pending action in whole or part;
(6) Rendering default judgment against the disobedient party; and/or
(7) Treating as contempt of court the failure to obey any order, except an order to submit to a physical or mental examination.

Although dismissal is the most severe form of sanction available under Fed. R. Civ. P. 37, use of the remedy is reviewed for an abuse of discretion. N*ational Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976); *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir.1988) ("if a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion"). "[D]ismissal is an appropriate sanction where the party's failure to cooperate with the court's discovery orders is due to willfulness"; "[a] willful violation occurs whenever there is a conscious and intentional failure to comply with the court order." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *Brookdale Mill, Inc. v. Rowley*, 218 F.2d 728, 729 (6th Cir.1954)).

In addition to the willfulness of a party's disobedience, the Sixth Circuit considers three other factors in evaluating whether the district court's dismissal of a case was an abuse of discretion. These include whether the adversary was prejudiced by the dismissed party's failure to obey court orders, whether the disobeying party had been warned that continued disobedience of court orders could lead to dismissal, and whether less drastic sanctions were imposed or considered before dismissal was finally ordered. *Bass*, 71 F.3d at 242.

All of these factors weigh in favor of dismissal in this case. First, plaintiff's counsel has been consistently unwilling to participate in discovery with the defendant's counsel. [*See* R. 21]. When the court required plaintiff's counsel to appear to discuss his refusal to engage in discovery, he failed to appear, twice. [R. 21; R. 22; R. 23; R. 24]. Further, when the plaintiff herself was counseled that her case could be dismissed for a failure to participate in discovery, and she was Ordered to file a document in the Record outlining her communication with her attorney, or her decision to obtain new counsel, the plaintiff failed to do so. [R. 24]. This was a willful decision by the plaintiff, preceded by multiple willful decisions of her attorney to also disobey court Orders to appear. [R. 21; R. 22; R. 23; R. 24].

The second factor, prejudice, also weighs in favor of dismissal. Defendant has incurred legal expenses and costs in the continued attempt to engage with the plaintiff and her counsel. The defendant and its counsel have been forced to waste time, energy, and expense by preparing for multiple telephone conferences and attempting to engage in discovery. [R. 21; R. 22; R. 23; R. 24]. Third, the plaintiff was warned directly by the undersigned that the continued failure to participate in discovery or comply with Court orders could result in the dismissal of her case. [R. 23; R. 24]. Finally, this District's Bankruptcy Court has employed other sanctions against the plaintiff's counsel in the including his permanent disbarment in Bankruptcy Court for the Eastern

District of Kentucky. *In re Shannon Kaye Denny, et al.*, No. 15-15918 (Bankr. E.D. Ky. May 22, 2018). Nonetheless, and despite being warned of the risk of dismissal, the plaintiff herself has refused to obey the Court's Order and has continued to fail to participate in discovery. Thus, for all of the above reasons, the Court finds dismissal of the plaintiff's suit appropriate in these circumstances, and in line with Sixth Circuit precedent.

## CONCLUSION

Dismissal of the above styled case is both appropriate and predictable in these circumstances. *See Bryant v. U.S., ex rel. U.S. Postal Service*, 166 Fed. Appx. 207 (6th Cir. 2006) (where the imposition of dismissal as a sanction was not an abuse of discretion, where plaintiffs had failed to engage in discovery with the defendant); *Southern Wabash Communications, Ltd. v. Union County Braodcasting Co., Inc.*, 69 Fed. Appx. 285 (6th Cir. 2003) (same). Accordingly,

**IT IS HEREBY RECOMMENDED** that the above-styled case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. 18 U.S.C. § 636(b)(1); *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.*, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). Generalized objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

This the 30th day of May, 2018.



Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge